UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY JAMES, *et al.* | CIVIL ACTION |
| VERSUS | NO. 23-2486 |
| ALLSTATE INSURANCE COMPANY | SECTION M (5) |

## **ORDER & REASONS**

Before the Court is a motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure filed by defendant Allstate Insurance Company ("Allstate").[1] The motion is set for submission on October 3, 2024.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance September 26, 2024. Plaintiffs Kathy and Louis B. James ("Plaintiffs"), who are represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 21.
[2] R. Doc. 21-3.
[3] This is an insurance coverage dispute arising out of damage to Plaintiffs' property sustained during Hurricane Ida, which made landfall on August 29, 2021. R. Doc. 1-2 at 6. Plaintiffs allege that, at the time the hurricane made landfall, their property was covered by an insurance policy issued by Allstate. *Id*. Plaintiffs filed suit in state court asserting breach-of-contract and bad-faith claims against Allstate. *Id*. at 6-7. Allstate removed the case on the grounds of diversity subject-matter jurisdiction under 28 U.S.C. § 1332. R. Doc. 1 at 1-4. Upon removal, the Court placed this case in its Hurricane Ida claims administration program. R. Docs. 5; 8; 9; 10; 11. After unsuccessful attempts at mediation, the case was returned to the Court's regular docket on March 20, 2024, and the Court issued a scheduling order the next day. R. Docs. 12; 13. Allstate represents in its motion, and the docket reflects, that since the scheduling order was issued, Plaintiffs have failed to prosecute the case by refusing to schedule a settlement conference, failing to answer discovery, and failing to attend a status conference with the magistrate judge. *See* R. Docs. 20; 21-1 at 1-4. Plaintiffs' failure to respond to the instant motion is further evidence of their failure to prosecute. Thus, pursuant to Rule 41(b), Allstate's motion is granted, and the case is dismissed without prejudice for Plaintiffs' failure to prosecute.

IT IS ORDERED that Allstate's motion to dismiss is GRANTED, and Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 27th day of September, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE